NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMIE ANN IVEY, individually and as successor-in-interest to James Marvin Ivey, Deceased; SANDRA DEE IVEY, an individual; JAMES EDWARD IVEY, Jr., an individual, | No. 21-55402 |
| | D.C. No. 2:20-cv-11773-DSF-SK |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| SERRANO POST ACUTE LLC, DBA Hollywood Premier Healthcare Center, a California limited liability company, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 20, 2023**

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Serrano Post Acute LLC ("Serrano") appeals from the district court's order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remanding this case to state court for lack of federal subject matter jurisdiction. Serrano argues that the district court had three independent grounds for such jurisdiction: federal officer removal, complete preemption, and the presence of an embedded federal question.

I

The district court did not have federal subject matter jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Serrano's actions were not "taken pursuant to a federal officer's directions." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022) (cleaned up). While Serrano has demonstrated that, like the defendants in *Saldana*, it was subject to federal laws and regulations throughout the COVID-19 pandemic, "simply *complying* with a law or regulation is not enough to bring a private person within the scope of the [federal officer removal] statute." *Id.* (cleaned up). Similarly, recommendations, advice, and encouragement from federal entities do not amount to the type of control required for removal under the statute. *See id*. at 685.

II

The district court did not have federal subject matter jurisdiction under the doctrine of complete preemption because the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. §§ 247d-6d, 247d-6e, is not a complete preemption statute—that is, it is not one of those "rare" statutes "where a federal

2

statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Saldana*, 27 F.4th at 686 (cleaned up). While the PREP Act may preempt some state-law claims, any such conflict preemption would be an affirmative defense, and would not create federal subject matter jurisdiction. *See id.* at 688.

## III

The district court did not have embedded federal question jurisdiction because the state-law causes of action in the complaint do not "necessarily" raise "substantial" federal issues that are "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 688 (cleaned up). Although a federal defense may be available under the PREP Act, "a federal defense is not a sufficient basis to find embedded federal question jurisdiction." *Id*.

**AFFIRMED.**